# 2009 DTA 123

**TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE SAN JUAN - PANEL III**

ARTURO VIRGILIO FOSSAS DÁVILA
Peticionario

EX PARTE

IRMGARD PAGAN RIVERA
Interventora-Peticionaria

ARTURO VIRGILIO FOSSAS DÁVILA, Y LA SUCESIÓN DE EDUARDO FOSSAS DÁVILA COMPUESTA POR EDUARDO MANUEL, JORGE LUIS, HÉCTOR JAIME Y JOSÉ ARTURO, TODOS DE APELLIDOS FOSSAS MARTINEZ, Y A SU VIUDA NELLIE MARTINEZ ROMAGOSA
Demandantes-Recurridos

v.

IRMGARD PAGAN RIVERA
Demandada-Peticionaria

Núm. KLCE-2009-01233

San Juan, Puerto Rico, a 3 de septiembre de 2009

Panel integrado por su Presidenta, la Juez Bajandas Vélez,
y los Jueces Cordero Vázquez y Cortés Trigo

Cordero Vázquez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCIÓN

Irmgard Pagán Rivera (peticionaria), compareció ante este Tribunal el 31 de agosto de 2009, en solicitud de *Certiorari* para revisar la Resolución del 10 de agosto de 2009, notificada el 21 de agosto de 2009 por el Tribunal de Primera Instancia, Sala de San Juan (TPI). Mediante la referida Resolución el TPI dispuso lo siguiente:

**"Ante el fallecimiento informado del co-demandante Eduardo Fossas Dávila y la solicitud de sustitución por sus herederos, designados por testamento, el Tribunal declara Ha Lugar esta última, concluido ya el procedimiento de declaración jurada de incapacidad judicial de su viuda Nellie Martínez Romagosa. Proceda la Secretaría a enmendar el epígrafe de conformidad. Se tienen por académicos los planteamientos en torno a la presunta incapacidad del referido codemandante, ello ante su fallecimiento".**

La Moción del peticionario Arturo Virgilio Fossas Dávila, solicitando sustitución de parte, por el fallecimiento de Eduardo Fossas Dávila, otro de los litigantes de epígrafe, fue presentada ante el TPI en enero de 2008. **[1]** El TPI la resolvió el 10 de agosto de 2009, con la Resolución recurrida.

Inconforme con la Resolución recurrida, la peticionaria formula dos señalamientos de error al TPI:

"(1) Erró el TPI al condonar que se estuviera representando sin tutor ni defensor judicial al litigante Eduardo Fossas Dávila cuando estuvo diagnosticado mentalmente incapacitado con Alzheimer con alucinaciones, delirios paranoicos, hostilidad por más de tres (3) años desde el año 2004 hasta que falleció mentalmente incapacitado con Alzheimer el 7 de diciembre de 2007, tanto en la litigación como en 2 rondas de negociaciones encaminadas a una posible transacción en las cuales hicieron los representantes legales de dicho incapacitado mental sin tutor ni defensor judicial ofertas de sumas de dinero en transacción, todo ello a pesar de haber sido alertado el TPI en más de veinticinco (25) escritos judiciales de la peticionaria radicados estos casos desde diciembre 20, 2006, todos los cuales nunca resolvió el TPI por lo que permitió por años tal violación de la regla de sustitución en cuanto a incapacitados mentales y ahora considera todo dicho asunto como académico a pesar del TPI conocer tal anormalidad jurídica desde diciembre 20 de 2006 mediante el primer escrito de la peticionaria radicado en el TPI al respecto y los otros posteriores sobre 25 escritos judiciales al respecto radicados por la peticionaria en estos casos y en el TPI.

(2) Erró el TPI al permitir en violación al ordenamiento jurídico la sustitución por muerte del fallecido demandante Eduardo Fossas Dávila mediante la resolución objeto de este *Certiorari* y más de 2 años luego de fallecido."

Debemos revisar si la expresión del TPI, de que "los planteamientos en torno a la presunta incapacidad del sustituido se han convertido en académicos por razón del fallecimiento" es correcta en derecho y si procede intervenir con el ejercicio de esa discreción judicial del TPI en esta etapa procesal. Además, debemos revisar si la Resolución recurrida –de admitir la sustitución de un litigante fallecido–, es contraria a derecho.

La peticionaria presentó, conjuntamente con su solicitud de *Certiorari*, una petición de auxilio de jurisdicción con la intención de paralizar una vista previamente señalada para el 1 de septiembre de 2009. Atendidos los planteamientos de la peticionaria, denegamos la solicitud de paralización el 31 de agosto de 2009. Igualmente denegamos el recurso y hoy exponemos los fundamentos en derecho.

I

El **8 de enero de 2002**, Arturo Virgilio Fossas Dávila instó petición sobre Declaratoria de Herederos en solicitud para que el TPI declarara como únicos y universales herederos del finado José Rafael Fossas Dávila, a sus hermanos y a su viuda en lo procedente. El caso fue posteriormente consolidado por eventos procesales con el caso de Administración Judicial y ambos conforman el caso de referencia. Esa consolidación se le **ORDENÓ** al TPI en virtud de nuestra Sentencia de **30 de mayo de 2002**. [2]

Al 29 de junio de 2007, **todavía sin resolverse el referido caso ante el TPI**, nos enfrentamos a otra controversia interlocutoria entre los litigantes. [3] En esa ocasión, luego de resolver la controversia que se atendió en el 2007, apercibimos lo siguiente:

"Por último, debemos dejar constancia de nuestra preocupación por la tardanza que ha tomado el proceso de descubrimiento de prueba en este caso. El litigio de autos tuvo su inicio en el 2002 y a mediados de 2007, el descubrimiento de prueba está en su etapa inicial. Los abundantes escritos de las partes ante el TPI y aquellos que han sido incluidos en los Apéndices reflejan, sin duda, la animosidad que existe entre las partes. Ello, ha lesionado no sólo los derechos de éstas, si no que ha provocado que la solución justa, rápida y económica de este caso se retrase, a veces, innecesariamente. Ciertamente, las disputas entre las partes relativas a quién comienza el descubrimiento de prueba o quién y cómo se continúa, deberían ser resueltas sin tener que ocupar el valioso tiempo del tribunal en atender, en algunas instancias, hasta 200 mociones pendientes".

A pesar de nuestro apercibimiento hace dos años, el caso se encuentra todavía en la etapa del descubrimiento de prueba. Resulta innecesario repetir en detalle los hechos de un caso como el que **nuevamente** nos ocupa **sin haber sido resuelto aún por los jueces del TPI** que le han atendido y que tiene un peculiar historial procesal desde que se presentó en el año 2002. Este caso sobre Declaratoria de Herederos y Administración Judicial, aún con todos los abogados y jueces de Instancia que han intervenido en el mismo, tiene siete (7) años en el calendario del TPI. Del escrito de *Certiorari* nos percatamos que a pesar de nuestro señalamiento en el 2007, el TPI todavía lo mantiene bajo descubrimiento de prueba.

Los hechos procesales pertinentes, que provocan la solicitud de *Certiorari*, son los siguientes:

"(1) En enero de 2008, durante los múltiples procedimientos interlocutorios que han entretenido en este caso ante el TPI, fue solicitada la sustitución de parte en controversia, por el fallecimiento de Eduardo Fossas Dávila.

(2) El TPI autorizó la sustitución mediante la Resolución de 10 de agosto de 2009.

(3) La Resolución fue dictada previo a la celebración de una vista **anteriormente** pautada para el 1 de septiembre de 2009, en la que se discutiría la solicitud de destitución de la peticionaria como administradora judicial designada.

(4) La peticionaria sostiene que la sustitución autorizada no procede en derecho 'por tardía' y, en su defecto, solicita la desestimación del recurso pendiente (que entre otras cosas se proponía discutir los méritos de la solicitud de su destitución como administradora judicial designada).

(5) En la Resolución recurrida, el TPI añadió que se "tienen por académicos los planteamientos en torno a la presunta incapacidad del referido co-demandante, ello ante su fallecimiento"."

El TPI no hace aclaración ni particular mención de cuáles son esos "planteamientos" a los que alude. Por consiguiente, en esta etapa procesal no tenemos forma de presumir el alcance del referido dictamen claramente interlocutorio.

## II

El Tribunal de Apelaciones tiene la facultad de atender recursos de *Certiorari* de cualquier resolución u orden dictada por el TPI, según lo establece el Artículo 4.006 de la Ley de la Judicatura de 2003, 4 L.P.R.A. sec. 24y (b). Ante el carácter discrecional del recurso de *Certiorari*, la Regla 40 del Reglamento del TA, *supra*, establece los criterios para la expedición del auto de *Certiorari*.

La Regla 40 del Reglamento del TA, *supra*, establece que este Tribunal tomará en consideración los siguientes criterios al determinar si expide un auto de *Certiorari* o una orden de mostrar causa:

**"(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.**

**(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.**

**(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.**

**(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.**

**(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.**

**(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.**

**(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia."** (Énfasis suplido.)

Por otro lado, el TSPR ha reiterado que la "*denegatoria* de un auto de *certiorari*, no prejuzga los méritos del asunto o la cuestión planteada, por lo cual puede ser reproducido nuevamente mediante el correspondiente recurso de apelación. En consecuencia, la parte afectada por la decisión que finalmente tome el Tribunal de Primera Instancia, no queda privada de la oportunidad de hacer ante el foro apelativo los planteamientos que entienda procedentes una vez se resuelva el pleito". (Cita omitida.) *García v. Padró*, 165 D.P.R. 324, 336 (2005).

La Regla 22.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 22.1, dispone lo siguiente:

**"(a) Si una parte falleciere y la reclamación no quedare por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados notificarán de su fallecimiento al tribunal y a las otras partes dentro del término de treinta (30) días contados desde la fecha en que se conozca tal hecho. El tribunal, a solicitud hecha dentro de los seis (6) meses siguientes a la fecha de dicha notificación, ordenará la sustitución de la parte fallecida por las partes apropiadas. Si la sustitución no se hiciere, según se dispone anteriormente, el pleito será sobreseído en cuanto a la parte fallecida. Podrán presentar la solicitud de sustitución los sucesores o representantes del finado o cualquiera de las partes, y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67, y a las que no lo fueren en la forma dispuesta en la Regla 4.**

**(b) De fallecer uno o más demandantes, o uno o más demandados, que fueren partes en un pleito en que el derecho reclamado subsista sólo a favor de los demandantes o en contra de los demandados que sobrevivan, el pleito no finalizará. Se consignará en los autos el hecho de la muerte y el pleito continuará a favor o en contra de las partes sobrevivientes."**

## III

Con relación al extenso primer señalamiento de error, la propia peticionaria debe cuestionarse qué hizo en cuanto a esos 25 ó 35 escritos que alegadamente el TPI nunca resolvió desde diciembre de 2006. La expresión del TPI en la Resolución recurrida de que "[s]e tienen por académicos los planteamientos en torno a la presunta incapacidad del referido codemandante, ello ante su fallecimiento", no constituye una determinación judicial final. Por consiguiente, puede estar sujeta a revisión judicial mediante apelación una vez se adjudiquen los méritos del caso.

Si bien es cierto que el fallecimiento de un ser humano tiene unas repercusiones lógicas, ello no implica que **todo** acto jurídico que haya realizado ese ser humano u otros en su nombre, resulte necesariamente académico por el hecho de su muerte. Esa parte de la Resolución recurrida, **como está expresada**, no tiene implicaciones de finalidad frente a nuestra facultad revisora si es que procede en derecho.

No obstante, en atención a lo dispuesto en la Regla 40, declinamos intervenir en esta etapa procesal en lo que puede prejuzgar controversias que aún son dirimidas ante el TPI. La peticionaria, inclusive, nos señaló que la Demanda de referencia todavía se mantiene en etapa de "discovery". Intervenir en esta etapa procesal no sólo sería prematuro, sino que provocaría un fraccionamiento de la controversia y nos expondría a contribuir con el retraso en la disposición del caso ante el TPI.

En cuanto al segundo señalamiento de error, el mismo es improcedente. Las Reglas procesales citadas

469

proveen para lo realizado por el TPI. No incurre en error ni abuso de discreción el TPI que actúa conforme a las Reglas de Procedimiento Civil. 32 L.P.R.A. Ap. III. En atención a la discreción que se le reconoce al TPI para actuar sobre la moción de sustitución, tampoco vamos a intervenir **en el tiempo** que esa sala se tomó para adjudicar lo reglamentario. La advertencia del sobreseimiento en la precitada Regla procesal no está dirigida a la tardanza del TPI, sino a la parte responsable de informar y solicitar la sustitución.

Con nuestra determinación discrecional de no expedir el *Certiorari* en esta etapa procesal, no estamos prejuzgando en forma alguna la controversia de referencia. No obstante, aunque denegamos hoy, le repetimos **al TPI** el mismo señalamiento del 29 de junio de 2007 en cuanto a la tardanza del caso.

### IV

Por los fundamentos anteriormente expuestos, se deniega el recurso de *Certiorari*.

**Adelántese por teléfono o telefax y notifíquese posteriormente por la vía ordinaria**.

Lo acuerda y manda este Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Dimarie Alicea Lozada
Secretaria del Tribunal de Apelaciones

### ESCOLIOS 2009 DTA 123

**1.** Aunque aparece con fecha de 4 de enero de 2007, consideramos ello un error tipográfico. El 6 de diciembre de 2007, el TPI fue notificado mediante moción informativa del fallecimiento del co-demandante Eduardo Fossas Dávila el 5 de diciembre de 2007.

**2.** KLCE-2002-00431.

**3.** KLCE-2007-00435.